IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **M.M.,** | * | |
| A minor, by her mother | * | |
| and next friend, | * | |
| **SHARON MATTHEWS** | * | |
| 3685A Jaye St., NE, Apt #201 | * | |
| Washington, D.C. 20019 | * | |
| | * | |
| and | * | |
| | * | **Civil Action No:** |
| **SHARON MATTHEWS** | * | |
| 3685A Jaye St., NE, Apt #201 | * | |
| Washington, D.C. 20019 | * | |
|     Plaintiffs | * | |
| | * | |
|     v. | * | |
| | * | |
| **GOV. OF DISTRICT OF COLUMBIA** | * | |
| A municipal corporation, | * | |
| 1350 Pennsylvania Ave., N.W. | * | |
| Washington, D.C. 20004 | * | |
| | * | |
|     Serve on: | * | |
|     Attorney General of D.C. | * | |
|     Attn: Janice Stokes or Darlene Fields | * | |
|     One Judiciary Square | * | |
|     441 4th Street, N.W., Suite 600 | * | |
|     Washington, D.C. 20001 | * | |
| | * | |
| and | * | |
| | * | |
|     Mayor Adrian Fenty | * | |
|     Office of the Secretary | * | |
|     Attn: Gladys Herring or Designee | * | |
|     1350 Pennsylvania Avenue, Ste. 419 | * | |
|     Washington, DC 20004 | * | |

|  |  |
|---|---|
| CHANCELLOR | * |
| Michelle Rhee | * |
| District of Columbia Public Schools | * |
| 825 North Capitol Street, NE | * |
| Washington, D.C. 20002 | * |
| Defendants(s) | * |

************************************

## COMPLAINT

1.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the Individuals with Disabilities in Education Act, 20 U.S.C. §§1415 et seq., (herein IDEIA); the Individuals with Disabilities Education Improvement Act of 2004, P.L. 108-446; the Rehabilitation Act of 1973 ("Section 504"); 29 U.S.C. §794; 42 U.S.C. §1983; 28 U.S.C. §§1331 and 1343. Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202. The Court has pendent jurisdiction pursuant to 5 D.C.M.R. §§3000 et seq.

## PARTIES

2.     M.M. is an eleven-year old child with a disability in the custody of her mother Sharon Matthews, in the District of Columbia, and has been determined eligible as Learning Disabled by DCPS pursuant to IDEIA and section 504. Her mother brings this action on her behalf and in their own right.

3.     The District of Columbia is a municipal corporation. As one of its governmental functions, Defendant operates the District of Columbia Public School System (DCPS). DCPS is responsible for affording children with disabilities in the District of Columbia all rights pursuant to IDEIA and section 504.

4.     Michelle Rhee is the Chancellor of the District of Columbia Public Schools and is responsible for ensuring that all children in the District of Columbia receive a free, appropriate education (FAPE) and that their rights to equal protection of the law and due process of law are

respected.

# FACTS

5. M.M. is an 11-year old student who has been determined to need special education by DCPS and her IEP calls for 15 hours of special education services per week. M.M. currently attends Thomas ES.

6. On 09/21/06 and 09/28/06, a comprehensive psycho-educational was performed. This evaluation indicated that M.M. is functioning with overall low-average intellectual skills, with low-average math skills and low reading and written language skills. The evaluation further indicated that M.M.'s results, as well as a significant presence of such behaviors as inattentiveness and hyperactivity, were consistent with a diagnosis of Attention-Deficit / Hyperactivity Disorder (ADHD). The evaluation recommended that an occupational therapy and speech / language evaluation be completed for her, as well as a psychiatric consultation to evaluate her ADHD symptoms. The evaluation also recommended that she receive individual counseling and would benefit from a small-structured, low student-teacher ratio classroom environment.

7. On 12/06/06, an MDT / IEP meeting was convened to update M.M.'s IEP. This IEP provided M.M. with fifteen (15) hours of specialized instruction per week. It was acknowledged at the meeting that M.M. was below grade-level, and also that she had been exhibiting negative social-emotional behavior in her general education setting. The parent requested the occupational therapy, speech / language and psychiatric evaluations be completed, as well as a clinical evaluation and a Functional Behavioral Assessment (FBA); DCPS agreed to complete the O/T evaluation, but did not feel the speech / language or psychiatric were warranted. Additionally, the parent requested ESY and compensatory education, and in general disagreed with the IEP as well as with DCPS' placement decision.

8. As a result of the due process violations and denials of appropriate services, the parent

through counsel filed a due process complaint on 12/12/06. This complaint alleged that DCPS violated the 07/03/06 HOD by failing to timely convene an MDT / IEP meeting within thirty (30) days as ordered by the HOD, failed to provide M.M. with an appropriate placement, IEP, and special education and related services for the 2005-06 SY and 2006-07 SY, as well as failing to perform a clinical, psychological, FBA or social history evaluation, failure to afford the parent an opportunity to participate in a placement meeting or inform her of her due process rights, and failure to provide compensatory education for 2005-06 SY and 2006-07 SY.

9. On 02/09/07 and 04/09/07, the due process hearing was convened for the 12/12/06 complaint. For the hearing parent's counsel disclosed, *inter alia,* the September 2006 psychological and listed the psychologist as a witness. At that hearing, the hearing officer refused to allow the psychologist who completed the psychological, to testify even though she was listed and the psychological was disclosed within the required 5 business days. Ultimately, the hearing officer issued a HOD on 04/25/07, dismissing the complaint. The hearing officer's determination was based largely upon his conclusion that DCPS was not provided with a copy of the September 2006 psycho-educational before the 12/06/06 MDT meeting. The hearing officer also ordered that DCPS convene a MDT meeting by 05/18/07 to develop a student evaluation plan (hearin after SEP) for M.M.

10. On 06/05/07, an MDT meeting was held to develop a student evaluation plan for M.M. At the meeting, DCPS agreed to provide an occupational therapy evaluation and speech-language evaluation for the student, but did not agree to provide a psychiatric evaluation, though the parent again requested that one be performed. DCPS failed to perform either of the agreed upon evaluations within thirty (30) days of the date of the meeting.

11. As a result of the ongoing due process violations and failures by DCPS to provide M.M. with all of her necessary evaluations and with appropriate services, a due process complaint was filed on 07/05/07. The due process complaint alleged that DCPS failed to provide M.M. with an

appropriate placement, failed to develop an appropriate IEP for the 2005-06 and 2006-07 SYs at Thomas ES, failed to provide her with appropriate educational and related services, failed to evaluate M.M. in all areas of her suspected disability, and failed to provide compensatory education for the denial of FAPE for the 2005-06 and 2006-07 SYs.

12. On 09/12/07, a hearing was convened, and for the hearing, parent through counsel disclosed as evidence *inter alia,* the 07/05/07 due process complaint, the 06/05/07 MDT meeting notes, the 01/23/06 IEP, the 12/06/06 IEP, the student's report cards, and Stanford Nine scores as well as Sylvan Learning Center reports and the September 2006 Psychological which found that she needed a full time placement. The parent again disclosed the psychologist who completed the psychological.

12. The due process hearing was convened on 09/12/07. During the hearing, parent's counsel argued *inter alia,* that DCPS failed to provide the student with appropriate services, placement and evaluations. During the hearing, parent also called to testify the psychologist who completed the September 2006 psychological evaluation. The psychologist testified to her interactions with M.M. and the fact that she has evaluated M.M. on two different occasions. She also testified that M.M. needed the occupational therapy evaluation, is ADHD and needed a full time special education program. Additionally, High Road School of DC testified to their ability to provide M.M. with educational benefit. However, DCPS did not have anyone from DCPS to counter the parent's documentation or the psychologist's testimony because DCPS did not disclose any evidence or witnesses.

Despite the fact that DCPS did not have any evidence, on 09/24/07, the hearing officer issued an HOD in which he dismissed the claim against DCPS, even though DCPS had violated the IDEIA by not providing M.M. with all necessary evaluations, had failed to develop an appropriate IEP for M.M. that provided her with all of the appropriate special education and related services she required, and had failed to provide M.M. with an appropriate placement and

5

compensatory education. Furthermore, the hearing officer, in his HOD, noted that DCPS failed to file a response to the due process complaint, failed to convene a resolution session, and also failed to offer any information as to when the evaluations that were ordered at the 06/05/07 MDT meeting would be completed.

13.   In the 09/24/07 HOD, the hearing officer made erroneous findings of fact and conclusions of law.  The hearing officer erred in finding that DCPS did not violate the IDEIA by failing to provide the student with all of the necessary evaluations, or otherwise failed to provide M.M. with a FAPE by failing to develop an appropriate IEP or providing an appropriate placement.

14.   The hearing officer, in his decision, relied in part upon the 04/26/07 HOD.  In this HOD, the hearing officer asserted that no denial of FAPE had resulted due to the fact that at the December 2006 MDT/IEP meeting, DCPS had not been previously provided with a copy of the student's September 2006 psycho-educational evaluation before the meeting.  Despite this, the hearing officer ordered in the 04/26/07 HOD that an MDT meeting be convened to develop a SEP and determine the student's need for additional evaluations.  This meeting was held on 06/06/07, and DCPS agreed to conduct occupational therapy and speech/language evaluations as recommended by the September 2006 psycho-educational.  The hearing officer, at the 09/12/07 hearing, concluded that DCPS' failure to provide these evaluations within thirty-days of the MDT meeting did not constitute a violation of the IDEA.

However, the hearing officer did not take into account DCPS' ongoing violation of the IDEA by failing to evaluate the student in all areas of her disability and its repeated failure to provide her with all necessary evaluations.  The IDEIA's Child Find provision places a clear and unambiguous duty upon the school district to ensure that all children with disabilities, who are in need of special education services, be "identified, located and *evaluated*…."  20 U.S.C. §1412(a)(3)(A); see also 34 CFR §300.125(a)(1)(i).  The IDEIA also requires, pursuant to 34 CFR §300.304(c)(4), that "each public agency must ensure that the child is assessed in all areas

6

related to the suspected disability…" The student's September 2006 psycho-educational evaluation recommended that M.M. receive an occupational therapy and speech/language evaluation, as well as diagnosed the student with ADHD. Even assuming, as the hearing officer did in the 04/26/07 HOD, that DCPS was not provided the 2006 psycho-educational until the December 2006 meeting, it was placed on notice no later than that date of the student's need for these evaluations, and yet failed to provide them to her. Indeed, even though DCPS agreed to perform an occupational therapy and speech/language at the 06/06/07 MDT meeting, some six months after the December 2006 MDT meeting, it had still failed to do so upon the time that the July 2007 due process complaint was filed. Even prior to the December 2006 MDT meeting, the student's below average motor skills, deficient speech/language functioning, and presentment of ADHD symptoms and behaviors, should have put DCPS on notice that the above violations were necessary to determine how M.M.'s academics were being affected and what strategies were necessary to address them.

15.     Furthermore, the hearing officer was in error for ignoring the fact that the parent has made repeated requests that M.M. be evaluated regarding her behavior and that DCPS provide M.M. with an appropriate placement. M.M. has been displaying behaviors and symptoms of ADHD for some time which should have motivated DCPS to evaluate her regarding how these behaviors were negatively impacting her academics, as she has consistently performed below-average. Her negative social-emotional behaviors had grown worse in the 2006-2007 SY, particularly in her general education classroom setting. Likewise, she has consistently presented with ADHD symptoms such as inattentiveness to her work and teachers, excessive talking, as well as restlessness and hyperactivity. DCPS was on notice of these behaviors, and should have performed additional evaluations to determine whether her disability classification should have been changed to reflect possible ADHD or ED. Additionally, at the December 2006 MDT/IEP meeting, the parent made the request for DCPS to evaluate M.M. regarding her behavior,

specifically requesting that a clinical and FBA be performed. Despite this, DCPS never provided the student with these evaluations. The hearing officer should have found that in neglecting to perform these additional evaluations to accurately assess the student's disabilities coupled with the fact that DCPS provided no evidence or testimony at the hearing, DCPS had denied the student a FAPE.

16.     The hearing officer also erred in failing to conclude that DCPS failed to provide M.M. with an appropriate IEP and otherwise did not deny her FAPE with regards to her special education and related services. The hearing officer stated that DCPS' failure to evaluate the student was not a violation, nor has the student's IEP or placement been unlawfully changed. The hearing officer's conclusion that DCPS has not denied M.M. FAPE is controverted by the evidence on the record of M.M.'s continued academic failure and social-emotional behavioral problems. Though she has been receiving special education services for the last several years, M.M. has continually failed to made adequate academic progress with her current level of services, and in fact still functions below age and grade level. The law requires that a child with a disability must have an IEP that provides more than a mere "de minimis" benefit; it must instead "be 'likely to produce progress, not regression or trivial advancement.'" Cypress-Fairbanks Ind. School Dist. v. Michael F. by Barry F., 118 F.3d 245, 248 (C.A.5 (Tex.), 1997), quoting Board of Educ. Of East Windsor Regional Sch. Dist. v. Diamond, 808 F.2d 987, 991 (3rd Cir. 1986). In M.M.'s case, under her current level of services, she has presented with a documented history of repeated academic failure, and regression. As such her academic program was inadequate to provide her with anything more than a trivial advancement in her educational setting.

Furthermore, DCPS' failure to provide M.M. with all of her necessary evaluations impeded her right to receive a FAPE; it significantly prevented the parent from fully participating in the decision-making process for developing the student's educational plan; and it caused a denial of educational benefits, as she was denied the benefit of services that she requires to

8

address her social-emotional concerns, her deficient language skills, her ADHD behaviors, and her continued academic failure. 20 U.S.C. §1415(f)(3)(E)(ii); 35 C.F.R. §300.513(a). If any one of these three procedural violations are present, it is enough to find that a denial of FAPE has occurred; in this case, all three violations are present. The court in Knable reiterated that "procedural violations deprive an eligible student of an individualized education program or result in the loss of an educational opportunity also will constitute a denial of FAPE under the IDEA." Knable v. Bexley City School District, 238 F.3d 755, 766 (6th Cir. 1990); citing Babb v. Knox County Sch. Sys., 965 F.2d 104, 109 (6th Cir. 1992). The hearing officer's failure to conclude that DCPS' neglect to perform the evaluations or provide M.M. with an appropriate IEP was in error with the controlling law, and as such, the hearing officer should have ruled that a substantive violation of M.M.'s rights had occurred.

17.    The hearing officer should have also found that DCPS denied M.M. FAPE by failing to provide her with a clinical evaluation, an FBA, and a psychiatric evaluation, to assess how her academics have been effected by her negative social-emotional behavior, as well as symptoms related to her disability of ADHD. The benefits available under the IDEIA are not relegated solely to the purview of academic progress; on the contrary, the "need for special education can exist in any area of educational performance adversely affected by the disability, not just academics…..attendance and behavior are educational performance that must be addressed despite good academic performance." Mr and Mrs. I v. Main Sch. Admin. District, 416 F.Supp.2d 147, 159 (D. Me., 2006), quoting Robert A. Garda, Jr., Untangling Eligibility Requirements under the Individuals with Disabilities Education Act, 69 Mo. L.Rev. 443-47 (2004) at 498-499. M.M. has begun exhibiting negative social-emotional behavior which has, over the course of her academic career, significantly impeded her ability to progress on grade-level. Furthermore, the September 2006 psycho-educational diagnosed her with ADHD, and she has presented behaviors that are symptomatic of this disorder which are likewise hindering her

academic achievement, such as an inattentiveness to her teachers, excessive talking, excitability and restlessness, and difficulty in focusing on schoolwork and other related tasks.  DCPS has not provided her with the type of services she requires to attend to such social-emotional or ADHD behaviors, and as such, the hearing officer was in error in failing to conclude that DCPS had not provided M.M. with an appropriate IEP.

18.    The hearing officer erred in failing to rule that DCPS had not provided M.M. with an appropriate placement.  It is the duty of the LEA to ensure that the placement of every student with a disability conforms to the least restrictive environment provisions of the IDEIA.  34 CFR § 300.116(a)(2).  Further, "a child's entitlement to special education should not depend upon the vigilance of the parents…..rather, it is the responsibility of the child's teachers, therapists, and administrators – and of the multi-disciplinary team that annually evaluates the student's progress – to ascertain the child's educational needs, respond to deficiencies, and place him or her accordingly."  M.C. on Behalf of J.C. v. Central Regional Sch. Dist., 81 F.3d 389, 397 (C.A.3. (N.J.), 1996).  In M.M.'s situation, the parent repeatedly informed DCPS that she disagreed with their placement determination, stating her case that M.M. was not getting the services she required at Thomas E.S., and should not have been placed in a general education setting.  M.M.'s 2006 psycho-educational emphasized the student's need for a small, structured educational setting, which was never provided to her.  Pursuant to 34 C.F.R. §300.550(b)(2), a child with a disability should be removed from a general education classroom "if the nature or severity of the disability is such that education in regular classes with the use of supplementary aids and services cannot be achieved satisfactorily."  As demonstrated in the record, M.M. has continued to make marginal academic progress, and her poor social-emotional behavior is centered on that portion of her time spent in the general education setting.  Based upon these facts, the hearing officer should have concluded that DCPS had not provided the plaintiff with the appropriate placement necessary for her to achieve meaningful educational progress.

19. The hearing officer erred in his interpretation of T.S. v. D.C., Civil Action No. 05-00861 (D.D.C. March 27, 2007). The hearing officer declined to award the plaintiff relief, in particular placement at High Road Academy, under the theory that in doing so, the holding in T.S. would allow plaintiffs to be considered the prevailing party. The holding in T.S. is centered narrowly on the issue as to whether a plaintiff in a due process hearing is owed attorney fees under prevailing party status if, at the administrative level, it is provided with the *direct benefit* it requested from the hearing officer. Id. Though the parent requested a private placement for M.M., this was not the only relief sought in the due process complaint. Regardless, it is the responsibility of the federal courts to determine whether the plaintiff has reached prevailing party status. 20 U.S.C.A. § 1415(i)(3)(B). It is not up to the hearing officer to deny a plaintiff necessary relief merely out of concern over whether plaintiff will later be determined a prevailing party or to make a determination of prevailing party status.

20. The hearing officer also erred in concluding that M.M. was not owed any compensatory education from DCPS. DCPS has long been aware, as illustrated by her continuous academic failure and below-average performance that M.M. is in need of more intensive services than she has been provided. "A school district that knows or should known that a child…..is not receiving more than a de minimis educational benefit must, of course, correct the situation. We hold that, if it fails to do so, a disabled child is entitled to compensatory education for a period equal to the period of deprivation." M.C. v. Cent. Reg'l School Dist., 81 F.3d 389, 391-92 (3d Cir. 1996). Compensatory education "must be reasonably calculated to provide the educational benefits that likely would have accrued from special education services the school district should have supplied in the first place." Reid ex rel. Reid v. D.C., 401 F.3d 516, 524 (D.C. Cir., 2005). DCPS has known for over two years that M.M. has not been provided with the appropriate level of services that she requires in order to make anything more than a de minimis progress academically. As a result, she has maintained a below-average academic performance, and is still

experiencing difficulties related to her learning disorders, as well as her social-emotional problems, which she is not being provided services for. Because DCPS has denied M.M. with FAPE for the past two years, an award of compensatory education was justified.

## COUNT I

21. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

22. Defendants failure to provide plaintiff with free, appropriate education violates plaintiffs' rights under the IDEIA and section 504.

## COUNT II

23. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

24. Defendants violated IDEIA by not completing appropriate evaluations of the student and failing to evaluate her in all areas of suspected disability.

## COUNT III

25. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

26. Defendants violated IDEIA by not providing the student with an appropriate IEP for the 2005-06 SY and 2006-07 SY.

## COUNT IV

27. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

28. Defendants violated IDEIA by failing to provide compensatory education for the denial of FAPE for the 2005-06SY and 2006-07SY at Thomas ES

## COUNT V

29. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

30. Defendants violated IDEIA by not providing M.M. with appropriate special education and related services and all her related services.

## COUNT VI

31. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

32. Defendants violated the IDEIA by not providing M.M. with an appropriate placement or affording the parent an opportunity to participate in a placement meeting.

## COUNT VII

33. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

34. The hearing officer erred in his decision to dismiss the case against DCPS without taking into consideration the fact that DCPS, as the LEA, is responsible for providing M.M. with two (2) years of compensatory education.

## COUNT VIII

35. Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

36. The hearing officer erred in his decision to dismiss the case against DCPS without proof of provision of a FAPE to the student and in his determination of who the prevailing party is based on T.S.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray this Court to grant them the following relief:

1. Issue judgment for Plaintiffs and against defendants on all aforementioned counts;

2. Issue an order for DCPS to fund the following independent evaluations: a clinical; an FBA; a psychiatric; and any other evaluations recommended by the above evaluations.

3. Issue an order placing M.M. at High Road School of DC;

4. Issue an order providing the relief sought by parent in the due process hearing;

5. Issue an order finding that the hearing officer exceeded his authority by determining prevailing party status;

6. Issue an order awarding compensatory education to the Plaintiff against DCPS;

7. Order that the September 24, 2007 and April 26, 2007 Hearing Officer's Determination be reversed, finding denial of a free, appropriate, public education by DCPS;

13

9. Award Plaintiffs attorneys' fees and the costs of this action and of those relating to the due process hearing; and

10. Award any other and further relief the Court deems just and proper.

          Respectfully submitted,
          Law Offices of Christopher Anwah, PLLC

By:_____
          Fatmata Barrie, Bar #485122
          LAW OFFICES OF CHRISTOPHER N. ANWAH, PLLC
          10 R Street, N.E.
          Washington, D.C. 20002
          Phone: (202) 626-0040
          Fax: (202) 626-0048