## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **SHARON MATHEWS, et al** | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | **Civ. Acton No. 07-2316(HHK)** |
| | * | |
| | * | |
| **DISTRICT OF COLUMBIA, et al** | * | |
| Defendants | * | |

**************************************

### PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

COMES NOW, the Plaintiffs, M.M. and Sharon Mathews, by and through their attorneys Fatmata Barrie and The Law Offices of Christopher N. Anwah, PLLC, hereby moves this Honorable Court to deny Defendants' Motion to Dismiss Plaintiffs' Complaint as time barred. Memorandum of points and authorities supporting Plaintiffs Opposition to Defendants motion to dismiss is attached hereto. In support thereof, Plaintiffs incorporate by reference the attached Memorandum of Points and Authorities.

WHEREFORE, Plaintiffs pray this Honorable Court to deny Defendants' Motion to Dismiss.

Respectfully submitted
LAW OFFICES OF CHRISTOPHER N.
ANWAH, PLLC

By: _____/s/FatmataBarrie/s/_____
Fatmata Barrie, Bar #485122
LAW OFFICES OF CHRSTOPHER N.
ANWAH, PLLC
10 R Street, NE
Washington, D.C. 20002
Phone: (202) 626-0040
Fax: (202) 626-0048
Email: fbarrie@verizon.net

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **SHARON MATHEWS, et al** | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | **Civ. Action No. 07-2316(HHK)** |
| | * | |
| | * | |
| **DISTRICT OF COLUMBIA, et al** | * | |
| Defendants(s) | * | |

**************************************

## MEMORANDA OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

### PROCEDURAL POSTURE

On December 23, 2007, Plaintiffs filed a Complaint in the Clerk's after-hours box pursuant to Individuals with Disabilities Education Improvement Act ("IDEIA"), premised on Defendants' violation of Plaintiffs' rights under the IDEIA. (Exhibit 1).

On or about December 26, 2007 the Clerk's Office entered the complaint as filed on December 26, 2007.

On or about March 24, 2008, Defendants District of Columbia Public Schools filed a motion to Dismiss Plaintiffs' Complaint contending that Plaintiffs' claim is barred by the applicable statute of limitations.

### STANDARD OF REVIEW

Federal Rules of Civil Procedure, Rule 12(b)(6) provides that a claim may be dismissed for failing to state a claim upon which relief can be granted. The legal standard for a motion to dismiss pursuant to Rule 12(b)(6) is that the complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, (1957).

The court accepts as true all of the complaint's factual allegations giving "the benefit of all inferences that can be derived from the facts alleged," *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994). The factual allegations of the complaint must be presumed true and liberally construed in favor of the plaintiff. *See Shear v. National Rifle Association of America*, 606 F.2d 1251, 1253 (D.C. Cir. 1979). Dismissal is only proper if, after the allegations of the complaint are construed in the light most favorable to the plaintiff, the facts and allegations in the complaint would fail to afford the plaintiff relief if proven. *Ezra v. Pedas*, 682 A.2d 173, 174 (D.C. 1996). The defendants have failed to make a showing that the complaint fails to state a claim upon which relief can be granted.

I.    **PLAINTIFFS' CLAIM SHOULD NOT BE DISMISSED BECAUSE IT WAS FILED WITHIN THE APPROPRIATE TIME FRAME**

Defendants contend in their motion that plaintiffs' complaint should be dismissed because it was not filed within 90 days after the hearing officer's determination ("HOD"). Defendant relying on the erroneous date of December 26, 2007 calculated Plaintiff's complaint as filed after 90 days. However, Plaintiff's complaint was timely filed on December 23, 2007 at the after-hours box. (Exhibit 1 and 2) Defendant calculated correctly that it should have been filed on December 23, 2007 and as the civil cover sheet shows the complaint was filed on December 23, 2007. (Exhibit 2)

In *Tiara Tyler v. District of Columbia*, Civil Action No. 05-2259 (RMC), Plaintiffs filed their complaint on November 15, 2005 in the Clerk's after-hours box, but the civil cover sheet was missing. When Plaintiffs provided the cover sheet on November 21, 2005, the Clerk officially filed the Complaint relying on the new date of November 21, 2005. However, the Court relied on November 15, 2005 for the purpose of calculating the 90-day statute of limitation. For statute of limitation purposes, a complaint is deemed to be filed with the Clerk

when it is placed in the Clerk's custody, even if it is technically deficient.  See e.g. *Lyons v. Goodson*, 787 F.2d 411, 412 (8th Cir. 1986) (complaint timely filed even though duplicate copies were missing); *Loya v. Desert Sands Unified Sch. Dist.*, 721 F.2d 279, 281 (9th Cir. 1983) (complaint timely filed even though it was on the wrong size paper); *Moffitt v. United States*, 430 F. Supp. 34, 36 (E.D. Tenn. 1976) (complaint timely filed despite lack of cover sheet).

Similarly, in the instant case, the Plaintiffs filed their complaint on December 23, 2007 in the after hours box, but despite the established rule in this jurisdiction and the holding in Tiara Tyler, the Clerk used December 26, 2007 as the filing date.  The undersigned spoke to the Clerk's office on or about March 31, 2008 and according to the Clerk's office, the complaint was entered as filed on December 26, 2007 because that was when the court opened due to the holiday season.  As such the date of filing in ECF was not due to the late filing by the Plaintiff but rather was due to the closure of the court.  Therefore, since the hearing officer's determination was issued on September 24, 2007 and the plaintiff filed the complaint on December 23, 2007, Plaintiffs' Complaint is timely and should not be dismissed.  Accordingly, Defendants' motion to dismiss should be denied because the complaint was filed within the applicable 90 days and so the court has subject matter jurisdiction over the case.

## **CONCLUSION**

**WHEREFORE**, the Plaintiffs respectfully request this Honorable Court to deny the

Defendants' motion to dismiss.

Respectfully Submitted,

THE LAW OFFICES OF CHRISTOPHER N. ANWAH, PLLC

By:_____ /s/FatmataBarrie/s/ _____
      Fatmata Barrie, Bar #485122
      LAW OFFICES OF CHRISTOPHER N. ANWAH, PLLC
      10 R Street, NE
      Washington, D.C. 20002
      Phone: (202) 626-0040
      Fax: (202) 626-0048
      Email: fbarrie@verizon.net

## **CERTIFICATE OF SERVICE**

I HEREBY certify that copies of the foregoing motion were electronically filed on April 2, 2008 and the court would notify parties using Court's e-file system.

_____ */s/FatmataBarrie/s/* _____
      Fatmata Barrie

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**SHARON MATHEWS, et al**                *
      Plaintiffs                *
                              *
   v.                *    **Civ. Action No. 07-2316(HHK)**
                              *
                              *
**DISTRICT OF COLUMBIA, et al**                *
      Defendants(s)                *
*************************************

## PROPOSED ORDER

    **UPON CONSIDERATION** of Defendants' Motion Dismiss and Plaintiffs' Opposition

thereto and the record herein, it is hereby this _____ day of _____ 2008:

    **ORDERED** that Defendants' Motion be and is hereby DENIED, and it is

    **FURTHER ORDERED** _____

_____

_____ **SO ORDERED**

                            _____
                              United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| M.M., | * | |
| A minor, by her mother | * | |
| and next friend, | * | |
| **SHARON MATTHEWS** | * | |
| 3685A Jaye St., NE, Apt #201 | * | |
| Washington, D.C. 20019 | * | |
| | * | |
| and | * | |
| | * | **Civil Action No:** |
| **SHARON MATTHEWS** | * | |
| 3685A Jaye St., NE, Apt #201 | * | |
| Washington, D.C. 20019 | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | |
| | * | |
| **GOV. OF DISTRICT OF COLUMBIA** | * | |
| A municipal corporation, | * | |
| 1350 Pennsylvania Ave., N.W. | * | |
| Washington, D.C. 20004 | * | |
| | * | |
| Serve on: | * | |
| Attorney General of D.C. | * | |
| Attn: Janice Stokes or Darlene Fields | * | |
| One Judiciary Square | * | |
| 441 4th Street, N.W., Suite 600 | * | |
| Washington, D.C. 20001 | * | |
| | * | |
| and | * | |
| | * | |
| Mayor Adrian Fenty | * | |
| Office of the Secretary | * | |
| Attn: Gladys Herring or Designee | * | |
| 1350 Pennsylvania Avenue, Ste. 419 | * | |
| Washington, DC 20004 | * | |

RECEIVED
2007 DEC 23 PM 5: 18
US DISTRICT & BANKRUPTCY
CLERK
COURTS

**CHANCELLOR**                              \*
Michelle Rhee                               \*
District of Columbia Public Schools         \*
825 North Capitol Street, NE                \*
Washington, D.C. 20002                      \*
      Defendants(s)              \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

1.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the Individuals with Disabilities

in Education Act, 20 U.S.C. §§1415 et seq., (herein IDEIA); the Individuals with Disabilities

Education Improvement Act of 2004, P.L. 108-446; the Rehabilitation Act of 1973 ("Section

504"); 29 U.S.C. §794; 42 U.S.C. §1983; 28 U.S.C. §§1331 and 1343. Declaratory relief is

authorized by 28 U.S.C. §§2201 and 2202. The Court has pendent jurisdiction pursuant to 5

D.C.M.R. §§3000 et seq.

## PARTIES

2.      M.M. is an eleven-year old child with a disability in the custody of her mother Sharon

Matthews, in the District of Columbia, and has been determined eligible as Learning Disabled by

DCPS pursuant to IDEIA and section 504. Her mother brings this action on her behalf and in

their own right.

3.      The District of Columbia is a municipal corporation.  As one of its governmental

functions, Defendant operates the District of Columbia Public School System (DCPS).  DCPS is

responsible for affording children with disabilities in the District of Columbia all rights pursuant

to IDEIA and section 504.

4.      Michelle Rhee is the Chancellor of the District of Columbia Public Schools and is

responsible for ensuring that all children in the District of Columbia receive a free, appropriate

education (FAPE) and that their rights to equal protection of the law and due process of law are

## FACTS

5.      M.M. is an 11-year old student who has been determined to need special education by DCPS and her IEP calls for 15 hours of special education services per week. M.M. currently attends Thomas ES.

6.      On 09/21/06 and 09/28/06, a comprehensive psycho-educational was performed. This evaluation indicated that M.M. is functioning with overall low-average intellectual skills, with low-average math skills and low reading and written language skills. The evaluation further indicated that M.M.'s results, as well as a significant presence of such behaviors as inattentiveness and hyperactivity, were consistent with a diagnosis of Attention-Deficit / Hyperactivity Disorder (ADHD). The evaluation recommended that an occupational therapy and speech / language evaluation be completed for her, as well as a psychiatric consultation to evaluate her ADHD symptoms. The evaluation also recommended that she receive individual counseling and would benefit from a small-structured, low student-teacher ratio classroom environment.

7.      On 12/06/06, an MDT / IEP meeting was convened to update M.M.'s IEP. This IEP provided M.M. with fifteen (15) hours of specialized instruction per week. It was acknowledged at the meeting that M.M. was below grade-level, and also that she had been exhibiting negative social-emotional behavior in her general education setting. The parent requested the occupational therapy, speech / language and psychiatric evaluations be completed, as well as a clinical evaluation and a Functional Behavioral Assessment (FBA); DCPS agreed to complete the O/T evaluation, but did not feel the speech / language or psychiatric were warranted. Additionally, the parent requested ESY and compensatory education, and in general disagreed with the IEP as well as with DCPS' placement decision.

8.      As a result of the due process violations and denials of appropriate services, the parent

3

through counsel filed a due process complaint on 12/12/06. This complaint alleged that DCPS

violated the 07/03/06 HOD by failing to timely convene an MDT / IEP meeting within thirty (30)

days as ordered by the HOD, failed to provide M.M. with an appropriate placement, IEP, and

special education and related services for the 2005-06 SY and 2006-07 SY, as well as failing to

perform a clinical, psychological, FBA or social history evaluation, failure to afford the parent an

opportunity to participate in a placement meeting or inform her of her due process rights, and

failure to provide compensatory education for 2005-06 SY and 2006-07 SY.

9.      On 02/09/07 and 04/09/07, the due process hearing was convened for the 12/12/06

complaint.      For the hearing parent's counsel disclosed, *inter alia*, the September 2006

psychological and listed the psychologist as a witness. At that hearing, the hearing officer refused

to allow the psychologist who completed the psychological, to testify even though she was listed

and the psychological was disclosed within the required 5 business days. Ultimately, the hearing

officer issued a HOD on 04/25/07, dismissing the complaint. The hearing officer's determination

was based largely upon his conclusion that DCPS was not provided with a copy of the September

2006 psycho-educational before the 12/06/06 MDT meeting. The hearing officer also ordered

that DCPS convene a MDT meeting by 05/18/07 to develop a student evaluation plan (hearin after

SEP) for M.M.

10.     On 06/05/07, an MDT meeting was held to develop a student evaluation plan for M.M. At

the meeting, DCPS agreed to provide an occupational therapy evaluation and speech-language

evaluation for the student, but did not agree to provide a psychiatric evaluation, though the parent

again requested that one be performed.  DCPS failed to perform either of the agreed upon

evaluations within thirty (30) days of the date of the meeting.

11.     As a result of the ongoing due process violations and failures by DCPS to provide M.M.

with all of her necessary evaluations and with appropriate services, a due process complaint was

filed on 07/05/07. The due process complaint alleged that DCPS failed to provide M.M. with an

appropriate placement, failed to develop an appropriate IEP for the 2005-06 and 2006-07 SYs at

Thomas ES, failed to provide her with appropriate educational and related services, failed to

evaluate M.M. in all areas of her suspected disability, and failed to provide compensatory

education for the denial of FAPE for the 2005-06 and 2006-07 SYs.

12.     On 09/12/07, a hearing was convened, and for the hearing, parent through counsel

disclosed as evidence *inter alia,* the 07/05/07 due process complaint, the 06/05/07 MDT meeting

notes, the 01/23/06 IEP, the 12/06/06 IEP, the student's report cards, and Stanford Nine scores as

well as Sylvan Learning Center reports and the September 2006 Psychological which found that

she needed a full time placement. The parent again disclosed the psychologist who completed the

psychological.

12.     The due process hearing was convened on 09/12/07. During the hearing, parent's counsel

argued *inter alia,* that DCPS failed to provide the student with appropriate services, placement

and evaluations. During the hearing, parent also called to testify the psychologist who completed

the September 2006 psychological evaluation. The psychologist testified to her interactions with

M.M. and the fact that she has evaluated M.M. on two different occasions. She also testified that

M.M. needed the occupational therapy evaluation, is ADHD and needed a full time special

education program. Additionally, High Road School of DC testified to their ability to provide

M.M. with educational benefit. However, DCPS did not have anyone from DCPS to counter the

parent's documentation or the psychologist's testimony because DCPS did not disclose any

evidence or witnesses.

Despite the fact that DCPS did not have any evidence, on 09/24/07, the hearing officer

issued an HOD in which he dismissed the claim against DCPS, even though DCPS had violated

the IDEIA by not providing M.M. with all necessary evaluations, had failed to develop an

appropriate IEP for M.M. that provided her with all of the appropriate special education and

related services she required, and had failed to provide M.M. with an appropriate placement and

compensatory education. Furthermore, the hearing officer, in his HOD, noted that DCPS failed to file a response to the due process complaint, failed to convene a resolution session, and also failed to offer any information as to when the evaluations that were ordered at the 06/05/07 MDT meeting would be completed.

13.     In the 09/24/07 HOD, the hearing officer made erroneous findings of fact and conclusions of law. The hearing officer erred in finding that DCPS did not violate the IDEIA by failing to provide the student with all of the necessary evaluations, or otherwise failed to provide M.M. with a FAPE by failing to develop an appropriate IEP or providing an appropriate placement.

14.     The hearing officer, in his decision, relied in part upon the 04/26/07 HOD. In this HOD, the hearing officer asserted that no denial of FAPE had resulted due to the fact that at the December 2006 MDT/IEP meeting, DCPS had not been previously provided with a copy of the student's September 2006 psycho-educational evaluation before the meeting. Despite this, the hearing officer ordered in the 04/26/07 HOD that an MDT meeting be convened to develop a SEP and determine the student's need for additional evaluations. This meeting was held on 06/06/07, and DCPS agreed to conduct occupational therapy and speech/language evaluations as recommended by the September 2006 psycho-educational. The hearing officer, at the 09/12/07 hearing, concluded that DCPS' failure to provide these evaluations within thirty-days of the MDT meeting did not constitute a violation of the IDEA.

However, the hearing officer did not take into account DCPS' ongoing violation of the IDEA by failing to evaluate the student in all areas of her disability and its repeated failure to provide her with all necessary evaluations. The IDEIA's Child Find provision places a clear and unambiguous duty upon the school district to ensure that all children with disabilities, who are in need of special education services, be "identified, located and *evaluated*...."   20 U.S.C. §1412(a)(3)(A); see also 34 CFR §300.125(a)(1)(i).  The IDEIA also requires, pursuant to 34 CFR §300.304(c)(4), that "each public agency must ensure that the child is assessed in all areas

6

related to the suspected disability. The student's September 2006 psycho-educational evaluation recommended that M.M. receive an occupational therapy and speech/language evaluation, as well as diagnosed the student with ADHD. Even assuming, as the hearing officer did in the 04/26/07 HOD, that DCPS was not provided the 2006 psycho-educational until the December 2006 meeting, it was placed on notice no later than that date of the student's need for these evaluations, and yet failed to provide them to her. Indeed, even though DCPS agreed to perform an occupational therapy and speech/language at the 06/06/07 MDT meeting, some six months after the December 2006 MDT meeting, it had still failed to do so upon the time that the July 2007 due process complaint was filed. Even prior to the December 2006 MDT meeting, the student's below average motor skills, deficient speech/language functioning, and presentment of ADHD symptoms and behaviors, should have put DCPS on notice that the above violations were necessary to determine how M.M.'s academics were being affected and what strategies were necessary to address them.

15.     Furthermore, the hearing officer was in error for ignoring the fact that the parent has made repeated requests that M.M. be evaluated regarding her behavior and that DCPS provide M.M. with an appropriate placement. M.M. has been displaying behaviors and symptoms of ADHD for some time which should have motivated DCPS to evaluate her regarding how these behaviors were negatively impacting her academics, as she has consistently performed below-average. Her negative social-emotional behaviors had grown worse in the 2006-2007 SY, particularly in her general education classroom setting. Likewise, she has consistently presented with ADHD symptoms such as inattentiveness to her work and teachers, excessive talking, as well as restlessness and hyperactivity. DCPS was on notice of these behaviors, and should have performed additional evaluations to determine whether her disability classification should have been changed to reflect possible ADHD or ED. Additionally, at the December 2006 MDT/IEP meeting, the parent made the request for DCPS to evaluate M.M. regarding her behavior,

7

specifically requesting that the clinical and FBA be performed. Despite this, DCPS never provided

the student with these evaluations. The hearing officer should have found that in neglecting to

perform these additional evaluations to accurately assess the student's disabilities coupled with

the fact that DCPS provided no evidence or testimony at the hearing, DCPS had denied the

student a FAPE.

16.   The hearing officer also erred in failing to conclude that DCPS failed to provide M.M.

with an appropriate IEP and otherwise did not deny her FAPE with regards to her special

education and related services. The hearing officer stated that DCPS' failure to evaluate the

student was not a violation, nor has the student's IEP or placement been unlawfully changed. The

hearing officer's conclusion that DCPS has not denied M.M. FAPE is controverted by the

evidence on the record of M.M.'s continued academic failure and social-emotional behavioral

problems. Though she has been receiving special education services for the last several years,

M.M. has continually failed to made adequate academic progress with her current level of

services, and in fact still functions below age and grade level. The law requires that a child with a

disability must have an IEP that provides more than a mere "de minimis" benefit; it must instead

"be 'likely to produce progress, not regression or trivial advancement.'" Cypress-Fairbanks Ind.

School Dist. v. Michael F. by Barry F., 118 F.3d 245, 248 (C.A.5 (Tex.), 1997), quoting Board of

Educ. Of East Windsor Regional Sch. Dist. v. Diamond, 808 F.2d 987, 991 (3rd Cir. 1986). In

M.M.'s case, under her current level of services, she has presented with a documented history of

repeated academic failure, and regression. As such her academic program was inadequate to

provide her with anything more than a trivial advancement in her educational setting.

        Furthermore, DCPS' failure to provide M.M. with all of her necessary evaluations

impeded her right to receive a FAPE; it significantly prevented the parent from fully participating

in the decision-making process for developing the student's educational plan; and it caused a

denial of educational benefits, as she was denied the benefit of services that she requires to

address her social-emotional concerns, her deficient language skills, her ADHD behaviors, and her continued academic failure. 20 U.S.C. §1415(f)(3)(E)(ii); 35 C.F.R. §300.513(a). If any one of these three procedural violations are present, it is enough to find that a denial of FAPE has occurred; in this case, all three violations are present. The court in Knable reiterated that "procedural violations deprive an eligible student of an individualized education program or result in the loss of an educational opportunity also will constitute a denial of FAPE under the IDEA." Knable v. Bexley City School District, 238 F.3d 755, 766 (6th Cir. 1990); citing Babb v. Knox County Sch. Sys., 965 F.2d 104, 109 (6th Cir. 1992). The hearing officer's failure to conclude that DCPS' neglect to perform the evaluations or provide M.M. with an appropriate IEP was in error with the controlling law, and as such, the hearing officer should have ruled that a substantive violation of M.M.'s rights had occurred.

17.     The hearing officer should have also found that DCPS denied M.M. FAPE by failing to provide her with a clinical evaluation, an FBA, and a psychiatric evaluation, to assess how her academics have been effected by her negative social-emotional behavior, as well as symptoms related to her disability of ADHD. The benefits available under the IDEIA are not relegated solely to the purview of academic progress; on the contrary, the "need for special education can exist in any area of educational performance adversely affected by the disability, not just academics.....attendance and behavior are educational performance that must be addressed despite good academic performance." Mr and Mrs. I v, Main Sch. Admin. District, 416 F.Supp.2d 147, 159 (D. Me., 2006), quoting Robert A. Garda, Jr., Untangling Eligibility Requirements under the Individuals with Disabilities Education Act, 69 Mo. L.Rev. 443-47 (2004) at 498-499. M.M. has begun exhibiting negative social-emotional behavior which has, over the course of her academic career, significantly impeded her ability to progress on grade-level. Furthermore, the September 2006 psycho-educational diagnosed her with ADHD, and she has presented behaviors that are symptomatic of this disorder which are likewise hindering her

9

academic achievements such as an inattentiveness to her teachers, excessive talking, excitability

and restlessness, and difficulty in focusing on schoolwork and other related tasks. DCPS has not

provided her with the type of services she requires to attend to such social-emotional or ADHD

behaviors, and as such, the hearing officer was in error in failing to conclude that DCPS had not

provided M.M. with an appropriate IEP.

18.    The hearing officer erred in failing to rule that DCPS had not provided M.M. with an

appropriate placement. It is the duty of the LEA to ensure that the placement of every student

with a disability conforms to the least restrictive environment provisions of the IDEIA. 34 CFR §

300.116(a)(2). Further, "a child's entitlement to special education should not depend upon the

vigilance of the parents.....rather, it is the responsibility of the child's teachers, therapists, and

administrators – and of the multi-disciplinary team that annually evaluates the student's progress

– to ascertain the child's educational needs, respond to deficiencies, and place him or her

accordingly." M.C. on Behalf of J.C. v. Central Regional Sch. Dist., 81 F.3d 389, 397 (C.A.3.

(N.J.), 1996). In M.M.'s situation, the parent repeatedly informed DCPS that she disagreed with

their placement determination, stating her case that M.M. was not getting the services she

required at Thomas E.S., and should not have been placed in a general education setting. M.M.'s

2006 psycho-educational emphasized the student's need for a small, structured educational

setting, which was never provided to her. Pursuant to 34 C.F.R. §300.550(b)(2), a child with a

disability should be removed from a general education classroom "if the nature or severity of the

disability is such that education in regular classes with the use of supplementary aids and services

cannot be achieved satisfactorily." As demonstrated in the record, M.M. has continued to make

marginal academic progress, and her poor social-emotional behavior is centered on that portion of

her time spent in the general education setting. Based upon these facts, the hearing officer should

have concluded that DCPS had not provided the plaintiff with the appropriate placement

necessary for her to achieve meaningful educational progress.

Case 1:07-cv-02316-HHK   Document 3-2   Filed 04/02/2008   Page 11 of 18

19ase The hearing officer erred in his interpretation of T.S. v. D.C., Civil Action No. 05-00861

(D.D.C. March 27, 2007). The hearing officer declined to award the plaintiff relief, in particular

placement at High Road Academy, under the theory that in doing so, the holding in T.S. would

allow plaintiffs to be considered the prevailing party. The holding in T.S. is centered narrowly

on the issue as to whether a plaintiff in a due process hearing is owed attorney fees under

prevailing party status if, at the administrative level, it is provided with the *direct benefit* it

requested from the hearing officer. Id. Though the parent requested a private placement for

M.M., this was not the only relief sought in the due process complaint. Regardless, it is the

responsibility of the federal courts to determine whether the plaintiff has reached prevailing party

status. 20 U.S.C.A. § 1415(i)(3)(B). It is not up to the hearing officer to deny a plaintiff

necessary relief merely out of concern over whether plaintiff will later be determined a prevailing

party or to make a determination of prevailing party status.

20.    The hearing officer also erred in concluding that M.M. was not owed any compensatory

education from DCPS. DCPS has long been aware, as illustrated by her continuous academic

failure and below-average performance that M.M. is in need of more intensive services than she

has been provided. "A school district that knows or should known that a child.....is not receiving

more than a de minimis educational benefit must, of course, correct the situation. We hold that, if

it fails to do so, a disabled child is entitled to compensatory education for a period equal to the

period of deprivation." M.C. v. Cent. Reg'l School Dist., 81 F.3d 389, 391-92 (3d Cir. 1996).

Compensatory education "must be reasonably calculated to provide the educational benefits that

likely would have accrued from special education services the school district should have

supplied in the first place." Reid ex rel. Reid v. D.C., 401 F.3d 516, 524 (D.C. Cir., 2005). DCPS

has known for over two years that M.M. has not been provided with the appropriate level of

services that she requires in order to make anything more than a de minimis progress

academically. As a result, she has maintained a below-average academic performance, and is still

11

experiencing difficulties related to her learning disorders, as well as her special emotional

problems, which she is not being provided services for. Because DCPS has denied M.M. with

FAPE for the past two years, an award of compensatory education was justified.

## COUNT I

21.  Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

22.  Defendants failure to provide plaintiff with free, appropriate education violates plaintiffs'
     rights under the IDEIA and section 504.

## COUNT II

23.  Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

24.  Defendants violated IDEIA by not completing appropriate evaluations of the student and
     failing to evaluate her in all areas of suspected disability.

## COUNT III

25.  Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

26.  Defendants violated IDEIA by not providing the student with an appropriate IEP for the
     2005-06 SY and 2006-07 SY.

## COUNT IV

27.  Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

28.  Defendants violated IDEIA by failing to provide compensatory education for the denial of
     FAPE for the 2005-06SY and 2006-07SY at Thomas ES

## COUNT V

29.  Plaintiffs adopt and incorporate preceding paragraphs as if fully set forth herein.

30.  Defendants violated IDEIA by not providing M.M. with appropriate special education and
     related services and all her related services.

## COUNT VI

9 Case Award Plaintiff's attorneys' fees and the costs of this action and of those relating to the due

process hearing; and

10.    Award any other and further relief the Court deems just and proper.

                            Respectfully submitted,
                            Law Offices of Christopher Anwah, PLLC

        By:
                            Fatmata Barrie, Bar #485122
                            LAW OFFICES OF CHRISTOPHER N. ANWAH,
                            PLLC
                            10 R Street, N.E.
                            Washington, D.C. 20002
                            Phone: (202) 626-0040
                            Fax: (202) 626-0048

                                           14

## I (a) PLAINTIFFS

M.M., ET AL.

**DEFENDANTS**

District of Columbia, et. al.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Fatmata Barrie, Esq.
10 R Street, NE
Washington, DC 20002

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

◉ 3 Federal Question (U.S. Government Not a Party)

○ 2 U.S. Government Defendant

○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

◉ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**    OR    ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

RECEIVED DEC 23 PM 5: (stamp)
U.S DISTRICT COURT CLERK (stamp)

| O  G. *Habeas Corpus/* 2255 | O  H. *Employment Discrimination* | O  I. *FOIA/PRIVACY ACT* | O  J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| O  K. *Labor/ERISA* (non-employment) | O  L. *Other Civil Rights* (non-employment) | O  M. *Contract* | O  N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

IDEIA: Failure to provide appropriate placement, evaluations and services

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ [_____]    Check YES only if demanded in complaint

JURY DEMAND:    YES ☐    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE  12/23/07    SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

**I.** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

**III.** CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.** CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

**VI.** CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.** RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.