UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **M. M. et.al.,** | : |
| **Plaintiffs,** | : |
| v. | : Civ. No. 07-2316 (HHK) |
| **DISTRICT OF COLUMBIA, et. al.** | : |
| **Defendants.** | : |

**DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF THE COMPLAINT**

Defendants, by counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby move this Court for dismissal of any claims and requests for relief herein brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq.* ("Section 504"). As shown in the accompanying memorandum of points and authorities, Plaintiffs have failed to state a claim upon which relief can be granted under those statutes. A proposed order is also attached herewith.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH
Chief, Equity Section 2
Bar Number 012914

          **/s/ Maria L. Merkowitz**
          MARIA L. MERKOWITZ
          Senior Assistant Attorney General
          Bar Number 312967
          441 Fourth Street, N.W., Sixth Floor South
          Washington, D.C. 20001
          (202) 442-9842
          E-mail: Maria.Merkowitz@dc.gov

April 9, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **M. M. et.al.,** : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| v. : | **Civ. No. 07-2316 (HHK)** |
| : | |
| **DISTRICT OF COLUMBIA, et. al.** : | |
| : | |
| **Defendants.** : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF COMPLAINT**

**INTRODUCTION**

On December 23, 2007, Plaintiffs filed their Complaint herein, seeking reversal of an administrative Decision and Order issued September 24, 2007 ("Decision"), pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 *et seq.* ("IDEIA"). In that Decision, a District of Columbia Public Schools ("DCPS") Hearing Officer rejected the Plaintiffs' contentions that DCPS had denied the student a free, appropriate public education ("FAPE"). Plaintiffs here request that the Decision be overturned, and that the Court order, among other things, that the student be placed at High Road School.

The Defendants do not dispute that this Court properly has jurisdiction under the IDEIA. However, the Complaint also asserts that this Court has jurisdiction under the Civil Rights Act, 42 U.S.C. § 1983; and the Rehabilitation Act, 29 U.S.C. §§ 701 et seq ("Section 504"). As shown below, however, the Complaint alleges no facts demonstrating a violation of any of those statutes, and must be dismissed in those respects.

**ARGUMENT**

**I.      Standard of Review for Dismissal of Claims Pursuant to SCR-Civil 12(b)(6)**

In reviewing the sufficiency of claims pursuant to Fed. R. Civ. P. 12(b)(6), a court may grant a motion to dismiss when it appears beyond doubt that under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957); *Haynesworth v. Miller*, 261 U.S. App. D.C. 66, 820 F.2d 1245, 1254 (D.C. Cir. 1987). The movant is therefore entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery. *Fingerhut v. Children's Nat. Med. Center*, 738 A.2d 799, 803 (D.C. 1999); *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C. Cir. 1987).

Although plaintiffs enjoy the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of the complaint, bare conclusions of law or sweeping and unwarranted averments of fact will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* The court need not accept inferences drawn by the plaintiffs if such inferences are unsupported by the facts set out in the complaint. *Kowal v. MCI Communications Corp.*, 305 U.S. App. D.C. 60, 16 F.3d 1271, 1276 (D.C. Cir. 1994). "Nor must the court accept legal conclusions cast in the form of factual allegations" *Id.*

Plaintiffs bear the burden of establishing subject matter jurisdiction; the plaintiffs must overcome the presumption that the court lacks jurisdiction. *Whitmore v. Arkansas,* 495 U.S. 149, 154-55 (1990); *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).

**II.     To the extent the Complaint asserts rights under § 1983, the Plaintiffs have failed to state a claim for which relief can be granted**.

The plaintiffs' assertion of jurisdiction under 42 U.S.C. § 1983, and plaintiffs seeming claims for relief under that statute, are plainly in error. Section 1983 states:

> Every person, who under color of a statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proceedings for redress.

In any Section 1983 action against a municipality such as the District of Columbia, the burden is on the plaintiff to establish that the municipality has a custom or practice that caused the alleged constitutional or statutory violation. See e.g., *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658, 694 (1978); *Daskalea v. District of Columbia*, 227 F.3d 433, 441 (D.C. Cir. 2000).

As a threshold matter, Section 1983 cannot apply here because the Complaint is facially deficient to state a claim under Section 1983. In a 2001 decision, this Court adopted a four part test setting forth the applicable standards for a finding of liability under Section 1983 based on an IDEA violation:

> (1) plaintiffs must prove by a preponderance of the evidence that DCPS violated one or more specific provisions of the IDEA; (2) plaintiffs must prove that exceptional circumstances exist, such that the conduct of DCPS that caused the IDEA violations was persistently egregious and prevented or frustrated [plaintiffs] from securing equitable relief under the IDEA; (3)…plaintiffs [must] establish that the District of Columbia has a custom or practice that is the moving force behind the IDEA violations; (4) plaintiffs must show why the normal remedies offered under the IDEA, and specifically compensatory education, are inadequate to compensate for the harm…suffered.

5

*Walker v. District of Columbia*, 157 F. Supp. 2d 11, 30 (D.D.C. 2001) (citations omitted). See also *Jackson v. District of Columbia*, Civ. No. 02-0968 (D.D.C., September 21, 2003); *R.S. v. District of Columbia*, 292 F. Supp. 2d 23 (D.D.C. 2003). The Plaintiffs' Complaint contains no allegations of any "exceptional circumstances," or of any District of Columbia "custom or practice" behind any of the alleged IDEIA violations, or any reason why the "normal remedies" under the IDEIA would be inadequate.

In a 2003 decision, Judge Sullivan, while observing that "the threshold to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is quite low," nonetheless dismissed any claims under Section 1983 in the absence of complaint allegations relating to three of the four elements of a violation of the statute. *Jackson v. District of Columbia*, *supra*, slip op. at 10. Among other things, the Court observed that "[n]othing in plaintiff's Complaint, other than the invocation of Section 1983 itself, suggests a claim based upon any custom, policy statement, or procedure of the District of Columbia." *Id.* See also *Lavon Savoy-Kelly v. Eastern High School,* Civ. No. 04-1751 (D.D.C., April 14, 2006) (slip op. at 10).

Other than a bald assertion of § 1983 as a basis for the Court's jurisdiction, there are no allegations in the Complaint with respect to any of the elements of a Section 1983 violation. Accordingly, any claims based on Section 1983 must be dismissed.

**II.      The Plaintiff does not have a claim under Section 504 of the Rehabilitation Act.**

Complaints arising under IDEIA that also assert jurisdiction based upon the Rehabilitation Act should be summarily dismissed as a matter of law. First, that statute — intended to bar employment discrimination against handicapped individuals under federally financed programs, e.g., *Consolidate Rail Corp. v. Darrone*, 465 U.S. 624, 626 (1984) — is

6

wholly irrelevant here. The Complaint does not assert that any discriminatory employment claims are involved in this action. To the extent the Complaint may be limited to administrative activities relating to "a free appropriate education" under IDEIA, the Supreme Court long ago made clear that IDEIA supplanted any rights and remedies in that regard which may earlier have been found in the Rehabilitation Act. Speaking of the Education of the Handicapped Act ("EHA"), which is the precursor of the IDEIA, the Court stated:

> [T]here is no doubt that the remedies, rights and procedures Congress set out in the EHA are the ones it intended to apply to a handicapped child's claim to a free appropriate public education. We are satisfied that Congress did not intend a handicapped child to be able to circumvent the requirements or supplement the remedies of the EHA by resort to the general antidiscrimination provision of [29 U.S.C. §794].

*Smith v. Robinson*, 468 U.S. 992, 1019 (1974).

Even if Section 504 were deemed relevant, to state a claim under that statute, a plaintiff must show that the student was discriminated against "solely by reason of his handicap." 29 U.S.C. § 794. *See also Lavon Savoy-Kelly v. Eastern High School,* Civ. No. 04-1751 (D.D.C., April 14, 2006,) slip op. at 9 (citing *R.S. v. District of Columbia*, 292 F. Supp. 2d 23, 28 (D.D.C. 2003)). To show such a violation of the Rehabilitation Act in the context of IDEA, a plaintiff must demonstrate "something more than a mere failure to provide the "free and appropriate education" required by IDEIA. *Lunceford v. District of Columbia Board of Ed.*, 745 F. 2d 1577, 1580 (D.C. Cir. 1984) (quoting *Monahan v. Nebraska*, 687 F.2d at 1170-71 (8th Cir. 1982)). Hence, the plaintiff must show "[e]ither bad faith or gross misjudgment…before a Section 504 violation can be made out…" *Monahan*, 687 F. 2d at 1170-71 (liability will not be imposed as long as the "state officials have

7

exercised professional judgment, in such a way as not to depart grossly from accepted standards among educational professionals").

Here, the Plaintiffs' Complaint makes no mention of either bad faith or gross misjudgment — the standard for a claim under Section 504. However, even if Section 504 were deemed applicable, the Plaintiffs' Complaint fails properly to allege a claim as it lacks factual allegations essential to a cause of action under this statute. Accordingly, the Plaintiffs' failure to allege any facts or make any arguments whatsoever as to their Rehabilitation Act claim must results in its dismissal. See, *Lavon Savoy-Kelly v. Eastern High School, supra*, slip op. at 10.

## CONCLUSION

The Plaintiffs' claims seeking relief pursuant to the Civil Rights Act, 42 U.S.C. § 1983; and the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq.* ("Section 504") must be dismissed because plaintiffs have failed to make allegations sufficient to establish a prima facie case.

        Respectfully submitted,

        PETER J. NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        **/s/ Edward P. Taptich**
        EDWARD P. TAPTICH
        Chief, Equity Section 2
        Bar Number 012914

**/s/ Maria L. Merkowitz**
MARIA L. MERKOWITZ
Senior Assistant Attorney General
Bar Number 312967
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 442-9842
E-mail: Maria.Merkowitz@dc.gov

April 9, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **M. M. et.al.,**            **Plaintiffs,**            v.    **DISTRICT OF COLUMBIA, et. al.**            **Defendants.** | :  :  :  :  :  : **Civ. No. 07-2316 (HHK)**  :  :  :  :  :  : |

## ORDER

On consideration of the Defendants' April 9, 2008, Motion for Partial Dismissal of the Complaint, any oppositions and replies, and the record herein, it is, this _____ day of _____, 2008,

**ORDERED**, that the Defendants' motion is granted; and it is

**FURTHER ORDERED**, that any claims in the complaint herein brought pursuant to 42 U.S.C. §§ 1983 and 29 U.S.C. §§ 701 et seq., are dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE